PEÑA, J.
*1097 A fire in an upstairs apartment caused injuries to several tenants-plaintiffs Agustin Leyva, Agustin Leyva, Jr., Melissa Vidal, and Jazmine Aurora Vidal-who sued their landlord-defendant Abel Garcia-for alleged negligence. It was undisputed that the heat source of the fire's ignition was a gas wall heater in the upstairs apartment, but it was uncertain what actually caused the fire to ignite. One possibility was the heater malfunctioned; another was that plaintiffs placed combustible material too close to the heater. Defendant filed a motion for summary judgment on the ground plaintiffs were unable to establish causation, an essential element of a negligence cause of action. In support of the motion, defendant provided expert opinions of two fire investigators. Plaintiffs failed to produce any evidence in opposition to the motion. The trial court found defendant met his initial burden of showing plaintiffs could not prove causation, and thus the burden shifted to plaintiffs to set forth evidence demonstrating a triable issue *1098 of material fact. Since plaintiffs failed to do so, the trial court granted defendant's motion for summary judgment. Plaintiffs appeal from the resulting judgment. We affirm the judgment of the trial court.
FACTS AND PROCEDURAL BACKGROUND
Plaintiffs resided in the upstairs apartment of a two-story home converted into two apartments. Defendant was the owner of the two-story home and rented the upstairs apartment to plaintiffs. On February 24, 2013, a fire erupted in the upstairs apartment. Plaintiffs asserted they sustained personal injuries and property damage from the fire.
Plaintiffs' Complaint
On September 2, 2014, plaintiffs filed their form pleading complaint for personal injury and property damage (the complaint). The complaint set forth causes of action described as "General Negligence" and "Premises Liability." The general negligence cause of action asserted as follows: "The Defendants and each of them ... negligently owned, operated, controlled, managed [and] maintained their apartment building in such a negligent manner so as *130 to cause a fire to occur in said building thereby proximately and directly causing injuries to" plaintiffs. The premises liability cause of action alleged:
"On February 24, 2013, plaintiff[s were] injured on the following premises in the following fashion: [¶] Apartment ... in which plaintiffs lived caught fire due to failure of heat source that was installed too close to combustibles. Plaintiffs suffered burns and loss of personal property."
Defendant's Motion for Summary Judgment
On November 6, 2015, defendant filed his motion for summary judgment. Defendant's motion was made on the ground the evidence showed the fire's cause cannot be determined, and thus, "[p]laintiffs are unable to prove the necessary element of causation." In support of the motion, defendant submitted the deposition testimony of fire battalion chief Danny Brown (Fire Chief Brown) and the declaration of Edward Watts, who both have expertise in investigating and detecting the cause of fires.
According to his deposition testimony, Fire Chief Brown investigated the fire on the same day the fire occurred. From his inspection of the upstairs apartment, he determined the source of the fire was a gas wall heater found on the floor of the apartment in the living room area. He explained the reasons for his determination the wall heater was the source of the fire: "The wall heater-the burn indicators on the ground-there was a couch within six inches of the heater. The indicators in both the roof, the attic area, the walls *1099 and the couch, itself, all pointed back to the heater that was-the heater was the source of the heat. It was our ignition source." In response to a question whether he made a determination the wall heater malfunctioned, Fire Chief Brown stated,
"No. And I noted that in my report, that without forensic testing on the wall heater, itself, there's no-all I know-all I can tell you for certainty is that the wall heater was the ignition source. I have no idea whether it malfunctioned or if a blanket was thrown onto it or if the couch was too close. All I can tell you is that was the source of the ignition."
Fire Chief Brown acknowledged the cause of the fire could have been combustible items in close proximity to the heater, such as the sofa, blankets, or pillows. Another possible cause was a wall heater malfunction, but he made no determination a malfunction occurred. Again, that would have taken independent forensic testing of the heater, which was not done. "The heater was the heat source. Whether or not it was the cause, I have no way of knowing." He added, "I know where the fire started. I just can't tell you for sure that the heater ... malfunctioned. I don't know. I know that that is the ignition source of this fire."
Defendant's motion also relied on the declaration of Edward Watts, an expert fire investigator. According to Watts's declaration, he arrived at the subject property on February 28, 2013, about four days after the fire, to conduct his investigation. Based on an interior inspection, Watts "determined that the source of origin of the fire was on the north wall of the living room around the natural gas wall heater." Watts noted that "[a]pproximately 18 inches south of the wall heater, [he] observed severely fire damaged springs and remains of a sofa." Based on his investigation, Watts made the following determinations about the fire:
"a) After eliminating all other causes and completing my investigation, the area of origin of the fire was the north wall in the living room of the 2nd floor *131 apartment located on the subject property; [¶] b) the first point of origin for ignition of the fire was a sofa located approximately 6 inches from the natural gas wall heater on the north wall of the living room of the second floor apartment; [¶] c) an accidental cause of a mechanical malfunction of the natural gas wall heater cannot be eliminated, however the heater no longer exists for inspection; [¶] d) an accidental cause of combustibles i.e. sofa too close to in-use wall heater cannot be eliminated."
Finally, Watts stated the following concluding opinion about the fire's cause:
"It is my opinion that the cause of this fire must be classified as undetermined at this time due to insufficient evidence to make a conclusive determination as to the fire's exact cause. The two possible ignition sources are either a mechanical malfunction of the natural gas heater or highly combustible material (the sofa) placed too close to the wall heater while in operation."
*1100 Defendant's motion for summary judgment included a separate statement setting forth the several material assertions from Fire Chief Brown's deposition and Watts's declaration regarding the origin and possible causes of the fire.
Plaintiffs' Opposition
On December 10, 2015, plaintiffs filed a memorandum of points and authorities in opposition to defendant's motion for summary judgment. Plaintiffs did not provide any evidence in opposition to the motion and did not furnish a separate statement. Instead, plaintiffs' opposition consisted solely of argument to the effect the evidence set forth in defendant's motion was insufficient to show plaintiffs cannot prove causation. That is, plaintiffs' opposition argued defendant did not meet his burden as the moving party. Among other things, plaintiffs' opposition claimed defendant's evidence did not show the fire's origin was completely unknowable but merely reflected there were a number of possible scenarios for what caused the fire to ignite. The two main scenarios were: (1) the malfunction of the heater, or (2) the presence of combustible materials (e.g., the sofa or a blanket) too close to the heater. According to plaintiffs, the fact the fire experts narrowed the instrumentality of the fire down to these possible scenarios did not constitute prima facie evidence plaintiffs will be unable to prove causation.
Defendant's reply was filed on January 15, 2016. Defendant's reply argued the motion should be granted because (1) plaintiffs failed to set forth evidence creating a triable issue of material fact regarding causation, and (2) plaintiffs failed to file a separate statement as required by Code of Civil Procedure 1 section 437c, subdivision (b)(3), and California Rules of Court, rule 3.1350(e).
On January 21, 2016, the day before the hearing on the motion, plaintiffs filed a "Supplemental Reply" to defendant's reply to plaintiffs' opposition. In this supplemental paper, plaintiffs argued that because defendant apparently disposed of the wall heater, the trial court should consider evidentiary sanctions against defendant for spoliation of evidence, including an adverse inference under Evidence Code section 413 that the missing evidence would favor plaintiffs' case, thereby providing a basis for denying the summary judgment motion.
*132 The hearing on the motion for summary judgment was held on January 22, 2016. The focus of oral argument was plaintiffs' late-filed paper asserting *1101 potential spoliation of evidence. The transcript of the hearing reflects the trial court found the spoliation of evidence argument untimely and improper because it was not reflected in a separate statement or a timely motion to continue hearing. Accordingly, that issue was not considered by the trial court. After close of oral argument, the trial court granted defendant's motion, and based thereon, a judgment was subsequently entered in defendant's favor. Plaintiffs filed a notice of appeal.
DISCUSSION
I. Summary Judgment Law and Standard of Review
Summary judgment is appropriate when all of the papers submitted show there is no triable issue of material fact and the moving party is entitled to a judgment as a matter of law. ( § 437c, subd. (c).) "The purpose of the law of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute." ( Aguilar v. Atlantic Richfield Co . (2001) 25 Cal.4th 826, 843, 107 Cal.Rptr.2d 841, 24 P.3d 493 ( Aguilar ).)
A defendant may move for summary judgment if it is contended the action has no merit. ( § 437c, subd. (a).) A defendant moving for summary judgment has the initial burden of showing, with respect to each cause of action set forth in the complaint, the cause of action is without merit. A defendant meets that burden by showing one or more elements of the cause of action cannot be established, or there is a complete defense thereto. (Id ., subd. (p)(2).) If the defendant makes such a showing, the burden shifts to the plaintiff to produce evidence demonstrating the existence of a triable issue of material fact. ( Ibid .; Aguilar , supra , 25 Cal.4th at p. 849, 107 Cal.Rptr.2d 841, 24 P.3d 493.)
As further explained by the Supreme Court in Aguilar , "the party moving for summary judgment bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact; if he carries his burden of production, he causes a shift, and the opposing party is then subjected to a burden of production of his own to make a prima facie showing of the existence of a triable issue of material fact. ... A prima facie showing is one that is sufficient to support the position of the party in question. [Citation.] No more is called for." ( Aguilar , supra , 25 Cal.4th at pp. 850-851, 107 Cal.Rptr.2d 841, 24 P.3d 493, fn. omitted.) The prima facie showing by the moving party must be such that it would, if uncontradicted, entitle the moving party to judgment as a matter of law. ( Id . at p. 851, 107 Cal.Rptr.2d 841, 24 P.3d 493.) That is, "a moving defendant must present evidence which, if uncontradicted, would constitute a preponderance of evidence [i.e., show it is more likely than not] that an essential *1102 element of the plaintiff's case cannot be established." ( Kids' Universe v . In2Labs (2002) 95 Cal.App.4th 870, 879, 116 Cal.Rptr.2d 158.)
Where a moving defendant makes an adequate initial showing, the burden shifts to the plaintiff to present evidence demonstrating a triable issue of material fact. If the plaintiff fails to do so, the motion will be granted. ( Saelzler v. Advanced Group 400 (2001) 25 Cal.4th 763, 780-781, 107 Cal.Rptr.2d 617, 23 P.3d 1143.) In our review, we keep in mind that a summary judgment motion is directed to the issues framed by the pleadings. ( *133 Conroy v. Regents of University of California (2009) 45 Cal.4th 1244, 1250, 91 Cal.Rptr.3d 532, 203 P.3d 1127.) Accordingly, the burden of a defendant moving for summary judgment only requires that he or she negate a plaintiff's theories of liability as alleged in the complaint . ( Id . at pp. 1253-1254, 91 Cal.Rptr.3d 532, 203 P.3d 1127.)
Summary judgment law in this state no longer requires a defendant moving for summary judgment to conclusively negate an element of the plaintiff's cause of action (e.g., if "X " is an essential element, by proving "not X "). ( Aguilar , supra , 25 Cal.4th at p. 853, 107 Cal.Rptr.2d 841, 24 P.3d 493.) Instead, a defendant may simply show the plaintiff cannot establish an essential element of the cause of action "by showing that the plaintiff does not possess, and cannot reasonably obtain, needed evidence." ( Id . at p. 854, 107 Cal.Rptr.2d 841, 24 P.3d 493.)[2] Thus, rather than affirmatively disproving or negating an element (e.g., causation), a defendant moving for summary judgment has the option of presenting evidence reflecting the plaintiff does not possess evidence to prove that element. "The defendant may, but need not, present evidence that conclusively negates an element of the plaintiff's cause of action. The defendant may also present evidence that the plaintiff does not possess, and cannot reasonably obtain, needed evidence-as through admissions by the plaintiff following extensive discovery to the effect that he has discovered nothing" to support an essential element of his case. ( Aguilar , supra , at p. 855, 107 Cal.Rptr.2d 841, 24 P.3d 493.) Under the latter approach, a defendant's initial evidentiary showing may "consist of the deposition testimony of the plaintiff's witnesses, the plaintiff's factually devoid discovery responses, or admissions by the plaintiff in deposition or in response to requests for admission that he or she has not discovered anything that supports an essential element of the cause of action." ( Lona v. Citibank , N.A ., supra , 202 Cal.App.4th at p. 110, 134 Cal.Rptr.3d 622.) In other words, a defendant may show the plaintiff does not possess evidence to support an element of the cause of action by means of presenting the plaintiff's factually devoid discovery responses from which an absence of *1103 evidence may be reasonably inferred. ( Scheiding v. Dinwiddie Construction Co . (1999) 69 Cal.App.4th 64, 83, 81 Cal.Rptr.2d 360.)
Thus, a moving defendant has two means by which to shift the burden of proof under the summary judgment statute: "The defendant may rely upon factually insufficient discovery responses by the plaintiff to show that the plaintiff cannot establish an essential element of the cause of action sued upon. [Citation.] [Or a]lternatively, the defendant may utilize the tried and true technique of negating ('disproving') an essential element of the plaintiff's cause of action." ( Brantley v. Pisaro (1996) 42 Cal.App.4th 1591, 1598, 50 Cal.Rptr.2d 431.) In the present case, defendant's motion for summary judgment did not refer to any discovery responses of plaintiffs from which to infer an absence of evidence on plaintiffs' part regarding causation. Rather, it appears defendant's motion sought to negate the causation element through the testimony of two expert fire investigators on the ground their testimony showed, in a prima facie sense, the precise chain of events resulting in the eruption of the fire was not known or determinable.
*134 On appeal from a summary judgment, our task is to independently determine whether an issue of material fact exists and whether the moving party is entitled to summary judgment as a matter of law. ( Brantley v. Pisaro , supra , 42 Cal.App.4th at p. 1601, 50 Cal.Rptr.2d 431.) "We independently review the parties' papers supporting and opposing the motion, using the same method of analysis as the trial court. Essentially, we assume the role of the trial court and apply the same rules and standards." ( Kline v. Turner (2001) 87 Cal.App.4th 1369, 1373, 105 Cal.Rptr.2d 699.) In performing our de novo review, "we must view the evidence in a light favorable to plaintiff as the losing party [citation], liberally construing her evidentiary submission while strictly scrutinizing defendants' own showing, and resolving any evidentiary doubts or ambiguities in plaintiff's favor." ( Saelzler v. Advanced Group 400 , supra , 25 Cal.4th at p. 768, 107 Cal.Rptr.2d 617, 23 P.3d 1143 ; accord, Johnson v. American Standard , Inc . (2008) 43 Cal.4th 56, 64, 74 Cal.Rptr.3d 108, 179 P.3d 905.)
II. Motion Was Properly Granted
Plaintiffs' complaint sets forth two causes of action-one entitled general negligence and the other, premises liability. Both are negligence claims. (See, e.g., Brooks v. Eugene Burger Management. Corp . (1989) 215 Cal.App.3d 1611, 1619, 264 Cal.Rptr. 756 [premises liability is a form of negligence].) The essential elements of a cause of action for negligence are: (1) the defendant's legal duty of care toward the plaintiff, (2) the defendant's breach of duty-the negligent act or omission; (3) injury to the plaintiff as a result of the breach-proximate or legal cause; and (4) damage to the plaintiff. ( 4 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 576, p. 701 ;
*1104 Williams v. Beechnut Nutrition Corp . (1986) 185 Cal.App.3d 135, 141, 229 Cal.Rptr. 605.) In the landlord-tenant context, the Supreme Court has rejected strict product liability for injuries due to defects in the premises, limiting recovery to negligence. (See Peterson v. Superior Court (1995) 10 Cal.4th 1185, 1188-1189, 1210, 43 Cal.Rptr.2d 836, 899 P.2d 905.)
Here, defendant's motion for summary judgment sought to negate the causation element of plaintiffs' case. In deciding whether this element was negated, we briefly review what plaintiffs' burden would be at trial to prove the causation element. In order for a plaintiff to satisfy the causation element of a negligence cause of action, he or she must show the defendant's act or omission was a substantial factor in bringing about the plaintiff's harm. ( Leslie G. v. Perry & Associates (1996) 43 Cal.App.4th 472, 481, 50 Cal.Rptr.2d 785.) "In other words, [the] plaintiff must show some substantial link or nexus between omission and injury." ( Saelzler v. Advanced Group 400 , supra , 25 Cal.4th at p. 778, 107 Cal.Rptr.2d 617, 23 P.3d 1143.) As summarized by the Supreme Court in Ortega v. Kmart Corp . (2001) 26 Cal.4th 1200, 114 Cal.Rptr.2d 470, 36 P.3d 11 :
" 'On the issue of causation, as on other issues essential to the cause of action for negligence, the plaintiff, in general, has the burden of proof. The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.' " ( Id. at pp. 1205-1206 [114 Cal.Rptr.2d 470, 36 P.3d 11].)
*135 As emphasized by one appellate opinion in which damage or injury was caused by a fire of unknown origin, "The mere fact that the fire occurred is insufficient to raise an inference of negligence on the part of [the defendant]s," and instead, the plaintiff must "show by a preponderance of the evidence that the negligence of [the defendants] was the proximate cause of the fire. A judgment cannot be based on guesses or conjectures." ( Bartholomai v. Owl Drug Co . (1940) 42 Cal.App.2d 38, 42, 108 P.2d 36.) Further, although proof of causation may be by direct or circumstantial evidence, "it must be by 'substantial' evidence, and evidence 'which leaves the determination of these essential facts in the realm of mere speculation and conjecture is insufficient.' " ( Leslie G . v. Perry & Associates , supra , 43 Cal.App.4th at p. 484, 50 Cal.Rptr.2d 785.) Again, " '[a] mere possibility of ... causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant .' [Citation]." ( Saelzler v. Advanced Group 400 , supra , 25 Cal.4th at pp. 775-776, 107 Cal.Rptr.2d 617, 23 P.3d 1143.)
*1105 As noted above, defendant's motion was supported by the deposition testimony of Fire Chief Brown and the declaration of Watts. Both witnesses were fire investigators with expertise in determining the cause of fires. The gist of their expert testimony was the particular chain of events leading to the fire remained unknown, and the best they could do under the state of the evidence was to narrow down the possibilities somewhat. The two main possibilities described by these experts were (1) combustible materials (e.g., the sofa or a blanket) were placed against or too close to the wall heater by plaintiffs, or (2) the wall heater itself malfunctioned. Both experts indicated they did not know which of these possibilities represented the actual cause of the fire. Watts added the cause must properly remain as undetermined because the state of the evidence was insufficient to reach a definite conclusion as to an exact cause.
We believe defendant's showing adequately met his initial burden as the moving party of presenting prima facie evidence that plaintiffs would not be able to establish the element of causation. Defendant's showing was such that, if uncontradicted, would leave causation an unknown matter, relegated to the realm of mere possibility and conjecture, which would be insufficient as a matter of law to support plaintiffs' negligence cause of action. Since defendant met his initial burden as moving party, the burden shifted to plaintiffs to produce evidence showing a triable issue of material fact. ( § 437c, subd. (p)(2) ; Aguilar , supra , 25 Cal.4th at p. 849, 107 Cal.Rptr.2d 841, 24 P.3d 493.) Specifically, it became incumbent upon plaintiffs to "establish, by nonspeculative evidence, some actual causal link between the plaintiff's injury and the defendant's [act or omission.]" ( Saelzler v . Advanced Group 400 , supra , 25 Cal.4th at p. 774, 107 Cal.Rptr.2d 617, 23 P.3d 1143.) Because plaintiffs failed to come forward with evidence creating a triable issue of material fact, it is clear the trial court properly granted summary judgment. ( Id. at pp. 780-781, 107 Cal.Rptr.2d 617, 23 P.3d 1143.)
A further ground for upholding the trial court's ruling was plaintiffs' failure to provide a separate statement in opposition to the motion, as required. ( § 437c, subd. (b)(3) ; Cal. Rules of Court, rule 3.1350(e).)[3]
*136 III. Plaintiffs' Arguments Unpersuasive**
DISPOSITION
The order and judgment of the trial court are affirmed. Costs on appeal are awarded to defendant.
WE CONCUR:
POOCHIGIAN, Acting P.J.
DETJEN, J.

Unlike federal law, summary judgment law in California requires the defendant to present evidence and not simply point out through argument that the plaintiff does not possess and cannot reasonably obtain the needed evidence. (Aguilar , supra , 25 Cal.4th at p. 854, 107 Cal.Rptr.2d 841, 24 P.3d 493 ; Lona v. Citibank , N.A . (2011) 202 Cal.App.4th 89, 110, 134 Cal.Rptr.3d 622.)

The hearing transcript reflects the trial court based its ruling, in part, on the failure to file a separate statement. A failure to file a separate statement in opposition is a ground for granting the motion. (§ 437c, subd. (b)(3).)

See footnote *, ante .