Filed 10/23/20  Guliex v. PennyMac Holdings CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| FRED GULIEX,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>PENNYMAC HOLDINGS, LLC,<br><br>Defendant and Respondent. | F078598<br><br>(Super. Ct. No. S1500CV280938)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Stephen D. Schuett, Judge.

J. Wright Law Group and Jamie Wright for Plaintiff and Appellant.

Duncan Peterson, Christopher L. Peterson and Michael M. Baker for Defendant and Respondent.

-ooOoo-

Plaintiff Fred Guliex filed an action against defendant, PennyMac Holdings, LLC (PennyMac or defendant), founded on the premise that defendant wrongfully foreclosed on plaintiff's property because, allegedly, defendant never received the beneficial interest in the deed of trust nor any other interest conferring a right to foreclose.  The trial court

previously entered a defense judgment in this case stemming from defendant's successful demurrer to most of the causes of action and a motion for summary judgment disposing of the remainder. Plaintiff appealed from that prior judgment. In 2017, we reversed because the trial court erroneously took judicial notice of the truth of disputable factual matters contained in certain documents in the chain of title. We held that such disputable evidentiary matters went beyond the permissible bounds of judicial notice, were improper considerations on a demurrer, and resulted in a failure by defendant to meet its burden as the moving party on the motion for summary judgment. Accordingly, the judgment was reversed, and the case was remanded back to the trial court.[1]

In 2018, after conducting further discovery on remand, defendant filed a new motion for summary judgment seeking to establish all the links in the chain of title to confirm that it had acquired the beneficial interest in the deed of trust and, thus, had authority to foreclose. The trial court held that defendant's motion succeeded in doing so, and plaintiff's opposition failed to present evidence demonstrating a triable issue of fact. In other words, under the uncontradicted showing made by defendant, defendant had a right to foreclose—which right defeated plaintiff's causes of action. Accordingly, summary judgment was granted. Following entry of judgment, plaintiff filed the present appeal challenging the trial court's order granting summary judgment. Plaintiff's appeal consists of only cursory argument that error occurred, claiming in broad and conclusory terms that defendant's showing fell short of adequately establishing the missing links in the chain of title that our 2017 opinion had identified. We find that plaintiff has failed to meet his fundamental burden as an appellant, as shall be explained herein, and thus his appeal fails on that basis alone. Alternatively, we conclude the trial court correctly granted summary judgment because defendant's motion made a sufficient prima facie

---

[1]     Our nonpublished opinion reversing the judgment is *Guliex v. PennyMac Holdings, LLC* (July 12, 2017, F073142), and is referred to as the 2017 opinion.

showing—under each of the two available methods for doing so—to shift the burden to plaintiff, and plaintiff's opposition failed to demonstrate the existence of a triable issue of material fact.  For these reasons, the judgment of the trial court is affirmed.

## BACKGROUND AND PROCEDURAL HISTORY

Facts Leading to Plaintiff's Lawsuit

For purposes of introducing the history of this dispute, the following summary of background facts is largely derived from the facts recited in our 2017 opinion in this case.

In 2005, plaintiff purchased residential real property in Arvin, California (the property), which he financed by obtaining a $156,000 loan from Long Beach Mortgage Company.  The loan was memorialized by a promissory note and was secured by a deed of trust against the property, the latter being recorded on June 30, 2005 (the deed of trust).  Subsequently, according to documents presented in the case, Washington Mutual Bank became the successor in interest to Long Beach Mortgage Company.  In 2008, according to documents presented in the case, Washington Mutual Bank was seized by federal regulators, went into receivership conducted by the Federal Deposit Insurance Corporation (FDIC), and the bulk of Washington Mutual Bank's assets were sold by the FDIC to JPMorgan Chase Bank, National Association.

Plaintiff defaulted on his loan payments in 2009.  During his deposition, plaintiff testified he called "Chase" to ask about a loan modification.  No modification was ever made.  Plaintiff did not resume making payments under the loan.

On July 26, 2011, three documents relating to the deed of trust were recorded in the official records of Kern County.  The first document recorded was an assignment of deed of trust dated July 25, 2011, which stated JPMorgan Chase Bank, National Association, successor in interest to Washington Mutual Bank, successor in interest to Long Beach Mortgage Company, granted, assigned and transferred to JPMorgan Chase Bank, National Association all beneficial interest under the deed of trust together with the note or notes secured by the deed of trust.

3.

The second document was a substitution of trustee dated July 25, 2011, stating that California Reconveyance Company was substituted for the original trustee, Long Beach Mortgage Company. The third document recorded on that same date was a notice of default and election to sell under deed of trust, thereby formally initiating foreclosure proceedings because plaintiff was behind or past due in his loan payments by $38,616.91.

On October 27, 2011, California Reconveyance Company recorded a notice of trustee's sale. The notice stated plaintiff was in default under the deed of trust and it estimated the amount of plaintiff's unpaid balance and other charges at $196,269.23. The notice informed plaintiff that the trustee's sale would occur on November 23, 2011, in Bakersfield.

The trustee's sale scheduled for November 2011 was not held. Plaintiff claimed that after months of attempting to modify the loan, he filed for bankruptcy. It is not clear when the bankruptcy proceedings were concluded.

The foreclosure process was resumed on August 26, 2013, when California Reconveyance Company recorded a second notice of trustee's sale. The notice stated plaintiff was in default under the deed of trust and it estimated the amount of the unpaid balance and other charges to be $218,300.83. The notice stated the trustee's sale would be held on September 18, 2013, in Bakersfield.

A "California Assignment of Deed of Trust" dated September 14, 2013, was recorded in Kern County on November 15, 2013. This document stated that JPMorgan Chase Bank, National Association, granted, sold, assigned, transferred and conveyed to PennyMac Mortgage Investment Trust Holdings I, LLC, all beneficial interest under the deed of trust. For reasons that are not apparent, JPMorgan Chase Bank, National Association subsequently recorded a *second* assignment of the same interest, entitled

"Corporate Assignment of Deed of Trust," dated November 21, 2013, purporting to assign the deed of trust to PennyMac Holdings, LLC.**2**

On November 20, 2013, the property was sold by California Reconveyance Company at a trustee's sale. The trustee's deed upon sale, as recorded on November 22, 2013, states that the purchaser was PennyMac Holdings, LLC, referred to herein as PennyMac.

Plaintiff's Lawsuit and the Proceedings Leading to the Prior Appeal

In December 2013, plaintiff filed his lawsuit against PennyMac, PennyMac Loan Services, and California Reconveyance Company. In 2014, plaintiff filed a first amended complaint, which is the operative pleading for purposes of this appeal.**3** The first amended complaint contained headings for five causes of action, all five of which were premised on plaintiff's basic position that the November 2013 foreclosure was illegal. As we noted in our 2017 opinion, the first amended complaint alleged that PennyMac "has no secured or unsecured right, title or interest in the note and deed of trust and has no right to collect . . . or demand mortgage payments." Additionally, plaintiff "specifically disputed the validity of the assignment recorded in July 2011 and the two assignments recorded in November of 2013." Furthermore, in plaintiff's point of view, PennyMac must allegedly "establish a complete and unbroken chain of title from the origination of

---

**2**     As will be discussed, PennyMac Mortgage Investment Trust Holdings I, LLC, changed its name to PennyMac Holdings, LLC; that is, the two names identified one and the *same* entity. Thus, this was a second assignment of the beneficial interest in the deed of trust to PennyMac. Of course, assuming the first assignment by JPMorgan Chase Bank, National Association, of the beneficial interest in the deed of trust to PennyMac was valid, it was the *effective* assignment thereof to PennyMac, making the second merely superfluous.

**3**     Plaintiff's record on appeal did not include a copy of the first amended complaint. Our general description here of that pleading is based on the statement of background facts contained in our 2017 opinion.

5.

the loan to the transaction that established PennyMac's purported ownership of the deed of trust."

In September 2014, PennyMac filed a demurrer to the first amended complaint. PennyMac argued that plaintiff lacked standing to challenge its authority to foreclose and failed to allege facts showing prejudice or the ability and willingness to tender payment of the debt. The trial court sustained the demurrer as to three of the five causes of action, without leave to amend. The trial court concluded that PennyMac's chain of title was shown thereby perfecting its right to foreclose, all based on judicial notice, and plaintiff lacked standing to challenge the foreclosure. In August 2015, PennyMac filed a motion for summary judgment concerning the remaining two causes of action, which was granted. Thus, as a result of the order sustaining the demurrer and the order granting summary judgment, the entire case was resolved without a trial.

Plaintiff appealed, which resulted in our 2017 opinion as described below.

This Court's 2017 Opinion

As noted, our resolution of plaintiff's former appeal was to reverse the trial court's judgment (the 2017 opinion). In the 2017 opinion, we held the trial court erred in taking judicial notice of disputable facts asserted in recorded documents in the chain of title. Because such disputable evidentiary matters went beyond the permissible bounds of judicial notice and were improper considerations on demurrer, we concluded the demurrer should have been overruled. We also pointed out why the recorded documents, at least as considered within the constraints of judicial notice, were insufficient to show certain of the links in the chain of title; that is, we observed there were *gaps* in the purported chain of title records relied upon by PennyMac in connection with the demurrer. For similar reasons, the evidence submitted by PennyMac in support of its motion for summary judgment of the remaining causes of action—which consisted of PennyMac's request for judicial notice of certain recorded documents in the chain of title—was deemed insufficient to meet PennyMac's burden as the moving party. As we

6.

pointed out in our 2017 opinion, it is well established that courts may take judicial notice of the existence and wording of recorded documents, but *not* of disputed or disputable facts stated therein. For these reasons, the judgment of the trial court was reversed, and the case was remanded to the trial court for further proceedings.

Our 2017 opinion did not make factual findings, other than to point out the inadequacy of the limited showing in the trial court on the issue of chain of title, which had been premised solely on certain judicially noticed documents. Nothing in our 2017 opinion precluded PennyMac from attempting to make a more complete or adequate evidentiary showing on remand in a subsequent hearing or trial. That is precisely what PennyMac *did* do, as we now explain.

PennyMac's Motion for Summary Judgment

As noted, the causes of action in the first amended complaint were predicated on plaintiff's contention that PennyMac did not have the beneficial interest in the deed of trust and therefore did not have a right to foreclose. On July 26, 2018, PennyMac moved for summary judgment on the ground that the supporting evidence showed that PennyMac obtained the beneficial interest in the deed of trust. The points and authorities in support of the motion included an extensive discussion of our 2017 opinion, and PennyMac explained therein that its motion included additional supporting evidence to establish the links in the chain of title that our 2017 opinion had pointed out were not adequately shown by the formerly relied upon request for judicial notice. As will be seen, the additional evidence referred to by PennyMac included discovery admissions and other concessions by plaintiff under oath, declarations of bank representatives confirming the authenticity of certain assignments, and evidence verifying PennyMac's name change.

The trial court agreed that PennyMac had met its burden of proof, stating: "The Court finds that the links in the chain of title have now been established that were a problem for the Fifth District in the prior motion for summary judgment. And based on

7.

the Court's finding that there is not a cause of action for wrongful foreclosure, the other causes of action fall for that reason." In its written order filed on October 26, 2018, the trial court explained that PennyMac had met its initial burden of establishing, with competent evidence, that it was entitled under the undisputed facts to judgment as a matter of law, and plaintiff had failed to controvert that showing. Thus, the motion for summary judgment was granted.

Judgment was entered by the trial court in favor of PennyMac. Notice of entry of judgment was filed and served on November 1, 2018. By a separate postjudgment order, the trial court lifted a stay it had previously put in place on the enforcement by PennyMac of its unlawful detainer default judgment, which enforcement was sought through a writ of possession. On December 24, 2018, plaintiff timely filed his notice of appeal from the judgment entered following the order granting the motion for summary judgment, and also from the order lifting the stay. We issued a provisional order staying enforcement of the writ of possession and any action to evict plaintiff from the property in question pending determination of the instant appeal.[4]

## DISCUSSION

### I. Summary Judgment Law and Standard of Review

Summary judgment is appropriate when all the papers submitted show there is no triable issue of material fact and the moving party is entitled to a judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c); *Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618.) "The purpose of the law of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute." (*Aguilar v. Atlantic Richfield Co*. (2001) 25 Cal.4th 826, 843 (*Aguilar*).) "In a motion for summary judgment, the moving party bears the initial burden to make a prima

---

[4]    PennyMac's motion to dismiss the appeal as frivolous is denied.

facie showing that no triable issue of material fact exists. [Citation.] If this burden is met, the party opposing the motion bears the burden of showing the existence of disputed facts." (*Sosa v. CashCall, Inc*. (2020) 49 Cal.App.5th 42, 52; accord, *Aguilar*, *supra*, 25 Cal.4th at pp. 845, 849–850.) A prima facie showing is one that is sufficient to support the position of the party in question; no more is called for. (*Aguilar*, *supra*, at pp. 850–851.) The prima facie showing by the moving party must be such that it would, if uncontradicted, entitle the moving party to judgment as a matter of law. (*Id*. at p. 851; *Leyva v. Garcia* (2018) 20 Cal.App.5th 1095, 1101.) Where a moving defendant makes an adequate initial showing, the burden shifts to the plaintiff to present evidence demonstrating a triable issue of material fact. If the plaintiff fails to do so, the motion will be granted. (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 780–781.)

A defendant moving for summary judgment has the initial burden of showing, with respect to each cause of action set forth in the complaint, the cause of action is without merit. A defendant meets that burden by showing one or more elements of the cause of action cannot be established, or there is a complete defense thereto. (Code Civ. Proc., § 437c, subd. (p)(2); *Leyva v. Garcia*, *supra*, 20 Cal.App.5th at p. 1101.) This may be done either by (i) presenting evidence that affirmatively disproves or negates an element of the plaintiff's case or establishes a complete defense thereto, or, *alternatively*, (ii) presenting evidence that the plaintiff does not possess, and cannot reasonably obtain, needed evidence—as through admissions by the plaintiff following extensive discovery to the effect that he has discovered nothing to support an essential element of his case. (*Aguilar*, *supra*, 25 Cal.4th at pp. 853–855; *Leyva v. Garcia*, *supra*, 20 Cal.App.5th at pp. 1102–1103, accord, *Lona v. Citibank, N.A*. (2011) 202 Cal.App.4th 89, 110 [the defendant's burden under the second method may be met by means of, among other things, presenting the plaintiff's factually devoid discovery responses on an element of the plaintiff's cause of action]; *Scheiding v. Dinwiddie Construction Co*. (1999) 69 Cal.App.4th 64, 83.) As noted, if the defendant makes such an initial prima facie

showing under either method, the burden shifts to the plaintiff to present evidence demonstrating a triable issue of material fact. If the plaintiff fails to do so, the motion will be granted. (*Leyva v. Garcia*, *supra*, at p. 1102; *Saelzler v. Advanced Group 400*, *supra*, 25 Cal.4th at pp. 780–781.)

In our review, we keep in mind that a summary judgment is directed to the issues framed by the pleadings. (*Conroy v. Regents of University of California* (2009) 45 Cal.4th 1244, 1250.) Accordingly, the burden of a defendant moving for summary judgment only requires that he or she show that the plaintiff cannot establish the theories of liability *as alleged in the complaint*. (*Id.* at p. 1254; accord, *Leyva v. Garcia*, *supra*, 20 Cal.App.5th at p. 1102.)

On appeal, we review the trial court's decision granting a motion for summary judgment de novo. (*Hampton v. County of San Diego* (2015) 62 Cal.4th 340, 347.) We consider all the evidence set forth in the moving and opposing papers except that to which objections were made and sustained. (*Ibid.*) In performing our de novo review, we strictly construe the moving party's evidence, we liberally construe the opposing party's evidence, with any doubts resolved in favor of the party opposing the motion. (*Johnson v. American Standard, Inc.* (2008) 43 Cal.4th 56, 64 [evidence viewed in light most favorable to losing party].) Guided by these principles, our task is to independently determine whether an issue of material fact exists and whether the moving party is entitled to summary judgment as a matter of law. (*Jones v. Awad* (2019) 39 Cal.App.5th 1200, 1206; *Brantley v. Pisaro* (1996) 42 Cal.App.4th 1591, 1601; see *Parsons v. Crown Disposal Co.* (1997) 15 Cal.4th 456, 464 [on review of a summary judgment order, "we examine the facts presented in the trial court and determine their effect as a matter of law"].)

## II. Plaintiff Failed to Meet Burden on Appeal

In its respondent's brief in this appeal, preliminary to its discussion of the merits of whether it was entitled to summary judgment, PennyMac first contends that plaintiff's

appeal has failed to meet his fundamental burden *as an appellant*, under the rules and minimum standards applicable to any civil appeal.  As explained below, we agree with PennyMac's contention.

Although we apply a de novo standard of review, a party challenging a summary judgment ruling still has the same burden on appeal as any other civil appellant.  One of the fundamental principles of appellate procedure is that a judgment or order of the trial court is presumed correct, and *error must be affirmatively shown* by the appellant. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  Accordingly, " ' "On review of a summary judgment, the appellant has the burden of showing error, even if he did not bear the burden in the trial court.  [Citation.] . . . .  'As with an appeal from any judgment, it is the appellant's responsibility to affirmatively demonstrate error and, therefore, to point out the triable issues the appellant claims are present by citation to the record and any supporting authority.  In other words, review is limited to issues which have been adequately raised and briefed.'  [Citation.]"  [Citation.]' " (*Dinslage v. City and County of San Francisco* (2016) 5 Cal.App.5th 368, 379; accord, *Centex Homes v. St. Paul Fire & Marine Ins. Co.* (2018) 19 Cal.App.5th 789, 796 [same principles stated, including that appellate review is limited to contentions adequately raised in the appellant's briefs]; *Paslay v. State Farm General Ins. Co.* (2016) 248 Cal.App.4th 639, 645 [same, noting an appellant challenging a summary judgment bears the burden of establishing error on appeal, even though the respondent had the burden of proving its right to summary judgment in the trial court].)

De novo review does not obligate a reviewing court to cull the record for the benefit of the appellant in order to attempt to uncover the requisite triable issues.  (*Mark Tanner Construction, Inc. v. HUB Internat. Ins. Services, Inc.* (2014) 224 Cal.App.4th 574, 583–584.)  Rather, as we have noted, the appellant has an affirmative burden to demonstrate error.  (*Id*. at p. 583.)  Generally, this means the party appealing from a summary judgment order must direct the reviewing court to evidence and issues of fact

11.

that support his arguments.  (See *Dinslage v. City and County of San Francisco*, *supra*, 5 Cal.App.5th at p. 379.)  Even on de novo review, "the appellant must frame the issues for us, show us where the superior court erred, and provide us with proper citations to the record and case law."  (*Morgan v. Imperial Irrigation Dist.* (2014) 223 Cal.App.4th 892, 913.)  Again, "an appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim.  The appellant must present an adequate argument including citations to supporting authorities and to relevant portions of the record."  (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 557.)  "An appellant who fails to pinpoint the evidence in the record indicating the existence of triable issues of fact will be deemed to have waived any claim the trial court erred in granting summary judgment."  (*Dinslage v. City and County of San Francisco*, *supra*, 5 Cal.App.5th at p. 379.)

Applying the foregoing principles, we conclude that plaintiff failed to meet his fundamental burden as appellant of affirmatively demonstrating error based on legal argument and citation to the record.  In particular, we agree with PennyMac's contention that plaintiff's appeal (i) failed to provide an adequate record on appeal, and (ii) failed to show the existence of any particular error in the trial court's ruling through cogent legal argument and citation to the record.  In this context, plaintiff was obliged to identify the existence of any purported triable issue of fact or any specific evidence in PennyMac's moving papers that plaintiff believed to be insufficient, but he did not do so.  These conclusions are further explained in our discussion below.

First, as correctly observed by PennyMac, the record on appeal furnished by plaintiff failed to provide a copy of the relevant pleading, namely, the first amended complaint.  That omission renders the record on appeal incomplete to the point that meaningful review of the summary judgment ruling is significantly hindered.  It is well established that the pleadings frame, delimit and define the issues to be considered on a motion for summary judgment.  (*Nativi v. Deutsche Bank National Trust Co.* (2014) 223

12.

Cal.App.4th 261, 289–290; *Benedek v. PLC Santa Monica* (2002) 104 Cal.App.4th 1351, 1355; *Lee v. Bank of America* (1994) 27 Cal.App.4th 197, 215–216.) Indeed, the materiality of a disputed fact is measured by the pleadings, which set the boundaries of the issues to be resolved on summary judgment. (*Conroy v. Regents of University of California*, *supra*, 45 Cal.4th at p. 1250; see *FPI Development, Inc. v. Nakashima* (1991) 231 Cal.App.3d 367, 381 [the complaint measures the materiality of the facts tendered in a defendant's challenge to a plaintiff's cause of action on motion for summary judgment].) Accordingly, the burden of a defendant moving for summary judgment only requires that he or she show that the plaintiff cannot establish the theories of liability *as alleged in the complaint*. (*Conroy v. Regents of University of California*, *supra*, 45 Cal.4th at p. 1254; *County of Santa Clara v. Atlantic Richfield Co*. (2006) 137 Cal.App.4th 292, 332.) When an appellate court reviews a ruling on a motion for summary judgment, the court is to consider the issues as framed or defined by the pleadings. (See *Turner v. Anheuser-Busch, Inc.* (1994) 7 Cal.4th 1238, 1252.)

For these reasons, the absence from the appellate record of the relevant pleading to which PennyMac's dispositive motion was directed substantially hinders our ability to engage in meaningful review of the issues presented. It was plaintiff's responsibility as the appellant to provide an adequate record for appellate review. (*In re Marriage of Wilcox* (2004) 124 Cal.App.4th 492, 498.) He failed to meet that aspect of his burden, which failure provides a basis for affirming the decision of the trial court. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609; *Gee v. American Realty & Construction, Inc*. (2002) 99 Cal.App.4th 1412, 1416; see *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.)

A second reason plaintiff failed to meet his burden on appeal is that the argument in his opening brief consists of broad, conclusory and unfocused claims to the effect that PennyMac's evidence relating to the chain of title was insufficient. Plaintiff fails to identify any particular evidence or factual issue by making a proper citation to the record,

13.

nor does plaintiff explain with any legal analysis and case authority the grounds of any purported insufficiency thereof.[5]  Indeed, despite the fact that PennyMac's motion for summary judgment included new or additional evidence beyond what was presented in the prior motion and demurrer, plaintiff's appeal appears to be based on a mistaken generalization that all evidence on the question of chain of title had remained unchanged since our 2017 opinion, or that if any new evidence was presented it was automatically inadequate.  *However*, no legal analysis or citation to the record is offered to support these broad assumptions.  Such conclusory and perfunctory arguments, lacking adequate legal analysis and citation to the record, are insufficient to meet an appellant's burden to affirmatively demonstrate error or properly raise an issue on appeal, and, as such, plaintiff's arguments may be treated as waived or forfeited.  (See, e.g., *People v. Stanley* (1995) 10 Cal.4th 764, 793; *Bank of America, N.A. v. Roberts* (2013) 217 Cal.App.4th 1386, 1399; *Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862; *Yield Dynamics, Inc. v. TEA Systems Corp.*, *supra*, 154 Cal.App.4th at p. 557; *People v. Harper* (2000) 82 Cal.App.4th 1413, 1419, fn. 4; *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.)

For the reasons discussed above, we conclude that plaintiff failed to meet his burden as appellant because (i) he failed to provide an adequate record on appeal, and (ii) he failed to affirmatively demonstrate error by providing adequate legal analysis, citation to authority, and citation to the record.

## III.  Summary Judgment Properly Granted

Even assuming for the sake of argument that plaintiff had not failed to meet his fundamental burden as the appellant, we would still affirm the trial court's ruling because

---

[5]    A cursory mention is made in plaintiff's opening brief to the effect that the trial court should not have relied on an admission made by him in his bankruptcy proceedings, but no citation to the record is made by plaintiff, no description or analysis of that evidence is presented, and no legal argument is offered on the matter.

14.

the record reflects that summary judgment was properly granted. Although we do not have the benefit of the first amended complaint from which to evaluate the materiality of the facts, we are able to glean from our 2017 opinion that plaintiff's causes of action depended upon his basic premise that PennyMac lacked authority to foreclose because, allegedly, PennyMac did not receive the beneficial interest in the deed of trust. PennyMac's motion for summary judgment was made on the ground that plaintiff cannot establish an essential element of each of his causes of action because the undisputed facts show that PennyMac *did* acquire the beneficial interest in the deed of trust, and also on the further ground that plaintiff has no evidence to the contrary and thus cannot prove his claims. As explained below, it appears that PennyMac succeeded in making a prima facie showing, while plaintiff's opposition to the motion failed to produce any evidence to indicate the existence of a triable issue of fact.[6]

We proceed to consider the facts and evidence presented by PennyMac in support of the motion for summary judgment. It was shown in defendant's separate statement of undisputed material facts (separate statement) and the supporting evidence referenced therein that, in 2005, plaintiff financed the purchase of the property in Arvin, California, by obtaining a loan in the amount of $156,000 from Long Beach Mortgage Company. The loan was evidenced by a promissory note and was secured by a deed of trust recorded on June 30, 2005. Plaintiff admitted he defaulted on his payments under the loan, and the last time plaintiff made any payment on the loan was "around 2009, something like that." Thus, the fact that plaintiff was in material default under the terms of the note and deed of trust executed by him is undisputed. The only remaining question

---

**6** Although plaintiff did produce written documents in his opposition, the trial court sustained PennyMac's objection thereto, and plaintiff's appeal has not challenged the trial court's evidentiary ruling. Accordingly, our review is limited to the evidence considered by the trial court, not that to which objection was made and sustained. (*Paslay v. State Farm General Ins. Co*., *supra*, 248 Cal.App.4th 639, 645.)

15.

was whether, as claimed by plaintiff, PennyMac did not acquire the beneficial interest in the deed of trust as a basis to rightfully foreclose.

The motion for summary judgment included, but was not exclusively predicated upon, a request for judicial notice of an extensive array of recorded documents relating to the chain of title. Although the *truth* of disputable factual matters stated in such recorded or public documents may not be judicially noticeable, we do not ignore the chain of title documents' existence or their facial contents.[7] As our Supreme Court has stated, "[t]he existence and facial contents of . . . recorded documents [are] properly noticed in the trial court under Evidence Code sections 452, subdivisions (c) and (h), and 453." (*Yvanova v. New Century Mortgage Corp*. (2016) 62 Cal.4th 919, 924, fn. 1.) However, although a court may take notice of such documents' existence and content, that does not allow it to judicially notice the truth of "disputed or disputable facts" stated therein. (*Ibid*.; accord, *Herrera v. Deutsche Bank National Trust Co*. (2011) 196 Cal.App.4th 1366, 1375 ["While courts take judicial notice of public records, they do not take notice of the truth of matters stated therein"]; *Joslin v. H.A.S. Ins. Brokerage* (1986) 184 Cal.App.3d 369, 374 ["Taking judicial notice of a document is not the same as accepting the truth of its contents or accepting a particular interpretation of its meaning"].)

The existence and facial contents of certain of the documents submitted in PennyMac's request for judicial notice to the trial court may be summarized at this point. In an effort to support its claimed undisputed fact that Washington Mutual Bank was the

---

[7] We note two distinguishable situations from what we have before us. Under Evidence Code section 622, "The facts recited in a written instrument are conclusively presumed to be true as between the parties thereto, or their successors in interest . . . ." This section is not applicable here via a request for judicial notice in the context of the present controversy because it puts the cart before the horse; that is, one would have to first establish being the successor in interest to gain the benefit of section 622. Also, the present case does not involve the situation of a court's ability to judicially notice facts found in the recitals of exhibits attached to a complaint. (See *Satten v. Webb* (2002) 99 Cal.App.4th 365, 375.)

16.

successor in interest to Long Beach Mortgage Company, PennyMac referred to a 2006 public document from the Office of Thrift Supervision, a federal agency, indicating Long Beach Mortgage Company was approved to be owned by Washington Mutual Bank. Additionally, PennyMac referred to a 2011 court document from a United States District Court case in which Washington Mutual Bank was actually the named plaintiff, which stated, by a sworn affidavit, that Washington Mutual Bank is the successor in interest to Long Beach Mortgage Company.

On the issue of whether JPMorgan Chase Bank, National Association was the successor in interest of Washington Mutual Bank, the motion for summary judgment referred to a recorded document by the FDIC, which stated that (i) on September 25, 2008, Washington Mutual Bank was closed and placed in receivership by the FDIC, and (ii) JPMorgan Chase Bank, National Association, on September 25, 2008, acquired certain assets "including all loans and loan commitments" of Washington Mutual Bank from the FDIC, as receiver, and thus JPMorgan Chase Bank, National Association became the owner of all such assets. Also referred to in the motion for summary judgment was a 2008 purchase and assumption agreement, by which JPMorgan Chase Bank, National Association purchased such assets from the FDIC as the receiver for Washington Mutual Bank, including all loans and loan commitments.

Additionally, PennyMac's motion attached records indicating that in the course of plaintiff's federal court Chapter 13 bankruptcy proceedings initiated in 2012, "Chase" is identified in his bankruptcy plan as the secured creditor with respect to the subject property and the plan states that upon confirmation of the Chapter 13 plan, the subject property would be surrendered as collateral. The same bankruptcy plan was confirmed by the Bankruptcy Court. Similarly, in deposition, plaintiff testified that "Chase" as used in the Chapter 13 plan referred to "Chase" as the beneficiary under the deed of trust. That is, he acknowledged in his deposition that, in fact, JP Morgan Chase Bank, National

17.

Association was the beneficiary of his deed of trust at that time, regarding his loan on the subject property. None of these facts were controverted by plaintiff's opposition.

Furthermore, in attempting to show *both* that Washington Mutual Bank became the successor in interest of Long Beach Mortgage Company, *and* that JPMorgan Chase Bank, National Association became the successor in interest of Washington Mutual Bank, the separate statement filed by PennyMac in support of the motion for summary judgment *also* referred to the July 25, 2011 assignment of deed of trust, which recorded document was submitted as part of PennyMac's request for judicial notice in the trial court. This was the assignment executed by "JPMorgan Chase Bank, National Association, successor in interest to WASHINGTON MUTUAL BANK, SUCCESSOR IN INTEREST TO LONG BEACH MORTGAGE COMPANY," which in that capacity purported to assign "all beneficial interest" in the deed of trust to "JPMorgan Chase Bank, National Association." We note this assignment is referred to in PennyMac's moving papers as the First Assignment.

As additional evidence in support of PennyMac's motion, and offered to support or corroborate the validity of the assignment of deed of trust described above, PennyMac's motion included the declaration of Aquanda Thomas, a legal specialist employed by JPMorgan Chase Bank, National Association, who, as part of her job functions, is familiar with business records maintained by JPMorgan Chase Bank, National Association for the purpose of servicing mortgage loans, including data compilations, electronically imaged documents, and other records, made and maintained by JPMorgan Chase Bank, National Association in the ordinary course of business at or near the time of the act, event or transaction. Thomas states in her declaration that the July 25, 2011 assignment of deed of trust, as described above, is a true and correct copy of that document and was executed by Colleen Irby, who was authorized to sign on behalf of "JPMorgan Chase Bank, National Association, successor in interest to Washington Mutual Bank, successor in interest to Long Beach Mortgage Company." She

18.

further states the assignment was duly recorded on or about July 26, 2011. As indicated by Thomas, the assignment accomplished what the document itself states; that is, it "assigned all of its beneficial interest" in the deed of trust from JPMorgan Chase Bank, National Association, as successor in interest to simply JPMorgan Chase Bank, National Association. Plaintiff's opposition to the motion made no written or oral evidentiary objection to the Thomas declaration.

PennyMac's motion for summary judgment also included evidence of the subsequent assignment by JPMorgan Chase Bank, National Association to PennyMac, referred to in PennyMac's moving papers as the Second Assignment. The September 14, 2013 assignment of deed of trust stated that the beneficial interest in the deed of trust was assigned by JPMorgan Chase Bank, National Association to "PennyMac Mortgage Investment Holdings I, LLC." As confirmed by the declaration of Thomas, the person executing the assignment of deed of trust was authorized to sign that document to thereby make the assignment on behalf of JPMorgan Chase Bank, National Association. Sometime after the assignment, PennyMac Mortgage Investment Holdings I, LLC shortened its legal name to PennyMac Holdings, LLC; that is, the two names are of the same entity. The name change was established by the declaration of Johnny Morton, a foreclosure supervisor employed by PennyMac with knowledge of the underlying business records, as well as by public filings with the California Secretary of State. Morton's declaration also asserted that plaintiff's loan was sold to PennyMac on July 26, 2013, and PennyMac has been in possession of the promissory note since September 3, 2013, with the beneficial interest under the deed of trust assigned to PennyMac by the assignment of deed of trust dated September 14, 2013. No objection was made by plaintiff to Morton's declaration.

Finally, PennyMac's motion referred to extensive deposition testimony of plaintiff as well as admissions to discovery responses establishing, unequivocally, that plaintiff has no evidence whatsoever to prove his claims. Plaintiff admitted he did not know of or

19.

possess any facts or evidence to rebut the recorded chain of title or related documents submitted for judicial notice by PennyMac, or concerning PennyMac's name change. That is, plaintiff admitted he had no evidence to dispute that Washington Mutual Bank was a valid successor in interest to Long Beach Mortgage Company, or that JPMorgan Chase Bank, National Association was a valid successor in interest to Washington Mutual Bank. He further admitted he had no evidence to dispute the validity of the assignment executed on September 14, 2013, by JPMorgan Chase Bank, National Association assigning the beneficial interest in the deed of trust to PennyMac. Moreover, plaintiff testified that if the case were to go to trial, the only thing he would present to the jury would be a copy of our 2017 opinion—which of course is not evidence.

Based on the above showing by PennyMac on its motion for summary judgment, we have no difficulty in agreeing with the trial court that summary judgment was proper. PennyMac succeeded in establishing the action had no merit on two distinct grounds. *First*, PennyMac's moving papers showed that it possessed the beneficial interests in the deed of trust, and therefore had a right to foreclose.[8] Unlike PennyMac's earlier motions that became the subject of the 2017 opinion, here PennyMac did not rely solely and exclusively on the recorded or public documents relating to the chain of title that were submitted for judicial notice. Rather, additional supporting evidence was presented in connection with the motion, including (i) corroborating declarations from two bank representatives to authenticate certain key documents and confirm the authority of the signing party to make the assignments indicated therein, and (ii) plaintiff's admissions

---

[8]    As a further or additional basis of its authority to foreclose, PennyMac also presented undisputed evidence that, in addition to having the beneficial interest in the deed of trust, it also was assigned plaintiff's loan and was the holder of the original promissory note. (*Yvanova v. New Century Mortgage Corp.*, *supra*, 62 Cal.4th at p. 927 [the deed of trust "is inseparable from the note it secures, and follows it even without a separate assignment"]; see *Calvo v. HSBC Bank USA, N.A.* (2011) 199 Cal.App.4th 118, 121–125 [assignee of lender properly foreclosed]; Civ. Code, § 2924, subd. (a)(1).)

under oath in the course of his 2012 bankruptcy proceedings and in subsequent deposition testimony expressly acknowledging or agreeing that the holder of the note and deed of trust was, at the time of the bankruptcy proceedings, JPMorgan Chase Bank, National Association. A further piece of corroborating evidence was the undisputed fact that the loan and promissory note had been assigned to, and was held by, PennyMac prior to foreclosure, which is noteworthy since the right to the security presumably follows the note. (See *Yvanova v. New Century Mortgage Corp.*, *supra*, 62 Cal.4th at p. 927; Civ. Code, § 2936.) On the totality of this showing, we conclude the trial court correctly held that the links in the chain of title were adequately shown and prima facie evidence established that PennyMac acquired the beneficial interest in the deed of trust prior to foreclosure. Therefore, PennyMac affirmatively showed it was lawfully entitled to foreclose, thereby defeating plaintiff's causes of action.

*Second*, and as an alternative ground supporting the motion, PennyMac showed that plaintiff cannot establish his claims because plaintiff admittedly lacks any evidence to dispute the chain of title or PennyMac's right to foreclose. PennyMac's presentation of plaintiff's discovery admissions established that he lacks any evidence to support his claims, which showing was sufficient to shift the burden of proof on a summary judgment motion. (See *Aguilar*, *supra*, 25 Cal.4th at p. 855 [a defendant meets its initial burden by presenting evidence that the plaintiff does not possess and cannot reasonably obtain needed evidence, as through "admissions by the plaintiff following extensive discovery to the effect that he has discovered nothing"]; *Union Bank v. Superior Court* (1995) 31 Cal.App.4th 573, 590 ["factually devoid discovery responses" may be used to shift burden on motion for summary judgment].) In plaintiff's opposition to the motion for summary judgment, he did not dispute based on any countervailing evidence the above showing that he lacked essential evidence to prove his case, even though he had a lengthy opportunity to engage in discovery since the time of his original complaint in

2013. The reasonable inference may be drawn that he not only lacked such evidence, but also cannot or will not obtain the needed evidence.

For the foregoing reasons, PennyMac met its initial burden as the moving party, and the burden shifted to plaintiff to present evidence demonstrating a triable issue of material fact. Plaintiff failed to do so, and therefore the motion for summary judgment was properly granted. (*Leyva v. Garcia*, *supra*, 20 Cal.App.5th at p. 1102; *Saelzler v. Advanced Group 400*, *supra*, 25 Cal.4th at pp. 780–781.)

## IV. No Prejudicial Error Regarding Content of Trial Court's Order

Plaintiff next contends the trial court erred, and the judgment should be reversed, because the trial court's order failed to comply with the requirements of Code of Civil Procedure section 437c, subdivision (g). Although that section requires the trial court to specify by written or oral order the reasons for its grant of summary judgment, including reference to the evidence indicating that no triable issue of fact exists (Code Civ. Proc., § 437c, subd. (g)), the trial court's "failure to provide a sufficient statement of reasons is not automatically a ground for reversal. . . . Where our independent review establishes the validity of the judgment, any error is harmless." (*Ace American Ins. Co. v. Walker* (2004) 121 Cal.App.4th 1017, 1027; see *Hasso v. Hasso* (2007) 148 Cal.App.4th 329, 338; see also *F.P. v. Monier* (2017) 3 Cal.5th 1099, 1108–1109 [nonstructural error such as failure to provide a written statement of decision as required by statute is subject to harmless error review].)

Here, the trial court's oral ruling from the bench stated reasons for its decision to grant the motion; i.e., PennyMac had adequately cured the missing links in the chain of title identified in our 2017 opinion. The trial court also mentioned such evidence as plaintiff's admissions in the bankruptcy proceedings, and plaintiff's failure to object to any evidence offered by PennyMac. Additionally, the trial court's written order found that "PennyMac has made a proper showing that it is entitled to summary judgment" and "[plaintiff] has not controverted that showing." In particular, the trial court's written

22.

order stated that "all facts stated in PennyMac's Separate Statement of Undisputed Facts in support of the Motion for Summary Judgment are established to be true by competent evidence," which plaintiff failed to controvert, and that on PennyMac's facts it was entitled to judgment as a matter of law. We note the trial court did identify the facts that had been established (i.e., all those in PennyMac's separate statement), and the evidence (i.e., all of PennyMac's supporting evidence), but it did not isolate and describe the particular evidence in support of each fact.

Although there was arguably a lack of strict compliance with Code of Civil Procedure section 437c subdivision (g) due to the generality of the trial court's order, we fail to discern any potential prejudice or miscarriage of justice. Rather, under our de novo review, PennyMac made a sufficient showing that it was entitled to summary judgment, and that showing was not placed in dispute by contrary evidence. As our independent review of the motion confirms, the judgment of the trial court was and is correct as a matter of law. Thus, the purported error, if any, regarding the content of the order, was plainly harmless.

## V. Other Orders or Issues

We may quickly dispose of other orders or issues referred to by plaintiff in his notice of appeal and/or opening brief. Plaintiff argues the trial court should not have denied his motion for judgment on the pleadings, which was heard one week before the summary judgment motion. We disagree. One of the reasons the trial court denied that motion was because plaintiff admittedly failed to comply with the meet and confer and declaration requirements of Code of Civil Procedure section 439, subdivision (a). For that reason alone, which is not addressed in plaintiff's opening brief, plaintiff has not demonstrated any error or abuse of discretion. Additionally, the record on appeal is inadequate concerning this motion because plaintiff failed to include a copy of the first amended complaint, which is necessary for our meaningful review of any such pleading issues. (See Code Civ. Proc., § 438, subd. (c)(1)(A) [a plaintiff's motion for judgment on

23.

the pleadings necessarily relates to allegations of both the complaint and the answer].) Finally, because the motion for summary judgment established that plaintiff's causes of action cannot be established, which outcome is also in accord with the allegations of PennyMac's first amended answer that plaintiff was not entitled to relief under the first amended complaint, our affirmance of the summary judgment clearly renders plaintiff's prior pleading challenge moot. We conclude no abuse of discretion has been shown regarding the trial court's denial of plaintiff's motion for judgment on the pleadings, and plaintiff's appeal from that order is hereby rejected.

Although plaintiff's notice of appeal indicates that in addition to appealing from the judgment after an order granting summary judgment, plaintiff was *also* appealing from the trial court's subsequent order to lift the stay of the writ of possession. However, because plaintiff failed to present any argument or legal discussion on that issue in his opening brief, we conclude the issue is forfeited. Likewise, plaintiff's one sentence cursory mention of a sanctions order made by the trial court was insufficient to adequately raise that issue on appeal, and therefore it also is forfeited.

## DISPOSITION

The judgment of the trial court is affirmed. PennyMac is entitled to costs on appeal. Our provisional order to stay enforcement of the writ of possession pending the outcome of this appeal shall expire 30 days after the filing of this opinion.

LEVY, J.

WE CONCUR:


HILL, P.J.


PEÑA, J.

24.