Filed 2/13/24 Ashlock v. Beremesh CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| BRADLEY ASHLOCK, | B319392 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. |
| v. | No. 19STCV26472) |
| ARSEN BEREMESH et al., | |
| Defendants and Respondents. | |

APPEAL from the judgments of the Superior Court of Los Angeles County, John P. Doyle and Bruce G. Iwasaki, Judges. Affirmed.

The Wallace Firm and Bradley S. Wallace; Joseph S. Socher for Plaintiff and Appellant.

Yoka Smith, Aaron S. Case and Christine C. De Metruis for Defendants and Respondents.

————————————————

Bradley Ashlock appeals from the judgments entered in favor of Arsen Beremesh and Turo Inc. after the trial court granted the summary judgment motions filed by Beremesh and Turo. Ashlock alleged causes of action for negligence and negligent entrustment arising from an accident on November 18, 2018 in which a vehicle driven by Vitaly Berezhnoy struck Ashlock as Ashlock was riding his motorcycle. The vehicle driven by Berezhnoy was owned by Beremesh, who listed the vehicle for rent through the Turo personal vehicle sharing program. Denis Kostritsa rented the vehicle though the Turo platform, and in turn loaned the car to Berezhnoy.

The trial court granted the motions on multiple grounds, including that Turo and Beremesh did not authorize Berezhnoy to operate the vehicle, and further, there was no evidence Turo or Beremesh knew or should have known Berezhnoy was not fit to drive. In addition, the fact Kostritsa had a suspended license was not the cause of the accident.

On appeal, Ashlock contends the trial court erred in granting Beremesh's motion because the grounds relied on in granting the motion were not raised in Beremesh's moving papers. Further, as to negligent entrustment, Ashlock argues if Beremesh had not allowed Kostritsa to rent the vehicle with a suspended license, Kostritsa would not have been able to loan the car to Berezhnoy, and Ashlock would not have been injured. Ashlock also contends Turo was the statutory owner of the vehicle; Turo was not protected by statutory immunity for car rental companies; Turo was negligent in failing to screen Kostritsa at the time of the rental to ensure he had a valid driver's license; and breach of this duty was a cause of the accident. Because Beremesh and Turo raised meritorious

arguments in their summary judgment motions as to both causes of action, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Complaint*

Ashlock filed this action for negligence and negligent entrustment in 2019 against Beremesh, Turo, Berezhnoy, and Kostritsa.  The complaint alleged that on November 21, 2018 Ashlock was riding on his motorcycle when he was struck by a vehicle driven by Berezhnoy (vehicle), injuring Ashlock.  The complaint alleged all the defendants owned the vehicle, and they were negligent in causing the collision.  Further, as to the negligent entrustment cause of action, defendants knew or should have known Berezhnoy "was incompetent and/or unfit to safely operate" the vehicle, yet they permitted him to drive the vehicle. In addition, Berezhnoy's "incompetence or unfitness to drive was a substantial factor in causing harm" to Ashlock.  As a result of defendants' conduct, Ashlock suffered physical injuries, property damage, and other losses.

B.    *Beremesh's Motion for Summary Judgment*

On January 20, 2021 Beremesh moved for summary judgment, or in the alternative, summary adjudication of three defenses to liability.  Beremesh argued he was not directly liable for any injuries suffered by Ashlock because he was not the driver who caused the accident.  Further, Beremesh was not vicariously liable under Vehicle Code section 17150, which provides the owner of a vehicle is liable for the negligence of a person the

owner permits to drive,[1] because he gave the vehicle to Kostritsa, not Berezhnoy, and Beremesh did not give Berezhnoy permission to drive the vehicle.  In addition, because Kostritsa obtained the vehicle through Turo, which was a "personal vehicle sharing program," under Insurance Code section 11580.24, subdivision (d),[2] Turo was "considered the owner of the vehicle for all purposes" during the period Kostritsa was operating the vehicle.[3]  (*Ibid.*)

---

[1]     Vehicle Code section 17150 provides, "Every owner of a motor vehicle is liable and responsible for death or injury to person or property resulting from a negligent or wrongful act or omission in the operation of the motor vehicle, in the business of the owner or otherwise, by any person using or operating the same with the permission, express or implied, of the owner." Ashlock does not contend on appeal that either Beremesh or Turo was vicariously liable under Vehicle Code section 17150.  Further undesignated statutory references are to the Vehicle Code.

[2]     Insurance Code section 11580.24, subdivision (d), provides in relevant part, "Notwithstanding any other provision of law or any provision in a private passenger motor vehicle owner's automobile insurance policy, in the event of a loss or injury that occurs during any time period when the vehicle is under the operation and control of a person, other than the vehicle owner, pursuant to a personal vehicle sharing program,  . . . the personal vehicle sharing program shall assume all liability of the owner and shall be considered the owner of the vehicle for all purposes."

[3]     Beremesh also argued that even if he could be vicariously liable under section 17150 for the acts of Berezhnoy, section 17150 was preempted by the Graves Amendment (49 U.S.C. § 30106(a)), which provides immunity to an owner of a vehicle that "is engaged in the trade or business of renting or leasing motor vehicles" from vicarious liability for the alleged

4

Beremesh stated in his supporting declaration that he was the registered owner of the vehicle and on November 19, 2018 he listed the vehicle for rent on the Turo car sharing platform. The same day he learned Kostritsa made a reservation for the vehicle. Kostritsa was the only authorized driver on the reservation. Kostritsa came to pick up the vehicle that day, and "[a]fter checking his driver's license and confirming his identity, [Beremesh] handed him the keys" to the vehicle. Beremesh added that he "had no reason to believe that Mr. Kostritsa would allow someone else to drive[] [his] vehicle."

In opposition, Ashlock did not dispute that Kostritsa rented Beremesh's vehicle through Turo from November 19 to 22, 2018; Kostritsa turned the vehicle over to Berezhnoy; Berezhnoy was not authorized to drive the vehicle; and Berezhnoy drove the vehicle at the time of the collision. Ashlock argued the trial court should deny Beremesh's motion because Ashlock alleged only theories of direct liability, and Beremesh raised "defenses to claims of vicarious liability, not direct claims of negligence or negligent entrustment." Further, Kostritsa had a suspended driver's license from May 30 to November 21, 2018 (including the first two days of the rental period) due to a conviction for driving under the influence.[4] Ashlock argued Beremesh was negligent in

<hr/>

negligence of the driver. We do not reach the Graves amendment because we conclude Beremesh was not vicariously liable under section 17150.

[4] Ashlock submitted a declaration from Chad Ragan, a private investigator, who conducted a search of Kostritsa's driver's license record. The attached report shows Kostritsa's driver's license was suspended on May 30, 2018 and was

5

renting the vehicle to an unlicensed driver, and further, "[h]ad Kostritsa not been allowed to rent the car, he could not have given possession of it to [Berezhnoy], and [Ashlock] would not have been injured."

In his reply, Beremesh argued he did not give Berezhnoy permission to drive his vehicle or know that Berezhnoy would drive it. And because Beremesh did not know Berezhnoy, he had no knowledge whether Berezhnoy was unfit to drive. In addition, the fact Kostritsa had a suspended driver's license was irrelevant because he was not driving at the time of the accident, and therefore the rental to Kostritsa was not a substantial factor in causing Ashlock's injuries.

C.      *Turo's Motion for Summary Judgment*

On March 1, 2021 Turo moved for summary judgment, or in the alternative, summary adjudication of three liability issues. Turo conceded it was deemed the owner of vehicle at the time of the accident pursuant to Insurance Code section 11580.24, subdivision (d), because a person other than Beremesh operated the vehicle pursuant to Turo's personal vehicle sharing program. But Turo argued it was not vicariously liable for Ashlock's injuries and losses because Berezhnoy was not an authorized driver. Further, Turo argued it "facilitates short-term car bookings" and "assists people seeking a car for short-term use," similar to a car rental company, and therefore, it was not liable for Ashlock's injuries because it complied with Vehicle Code sections 14604 (requiring the owner to make reasonable efforts to

_____

reinstated six months later on November 21, with a restriction allowing him to drive only for work.

6

confirm the driver possesses a valid driver's license but not requiring the owner to contact the Department of Motor Vehicles (DMV)) and 14608 (requiring the owner to inspect the renter's driver's license).[5]

In opposition, Ashlock argued Kostritsa's driver's license was suspended when he rented the vehicle in November 2018, and Turo did not conduct a valid check of his driver's license. Ashlock asserted that under Insurance Code section 11580.24, subdivision (d), Turo assumed the responsibilities of an owner, including the duty not to entrust the vehicle to an unfit person.

---

[5] Section 14604 states, "(a) No owner of a motor vehicle may knowingly allow another person to drive the vehicle upon a highway unless the owner determines that the person possesses a valid driver's license that authorizes the person to operate the vehicle. For the purposes of this section, an owner is required only to make a reasonable effort or inquiry to determine whether the prospective driver possesses a valid driver's license before allowing him or her to operate the owner's vehicle. An owner is not required to inquire of the [DMV] whether the prospective driver possesses a valid driver's license. [¶] (b) A rental company is deemed to be in compliance with subdivision (a) if the company rents the vehicle in accordance with Sections 14608 and 14609." Section 14608, subdivision (a), provides a person renting a vehicle may only rent to a licensed driver, and further, the person must inspect the driver's license of the renter and "compare[] either the signature thereon with that of the person to whom the vehicle is to be rented or the photograph thereon with the person to whom the vehicle is to be rented." Section 14609, subdivision (a), requires the person renting the car to "keep a record of the registration number of the motor vehicle rented, the name and address of the person to whom the vehicle is rented, his or her driver's license number, the jurisdiction that issued the driver's license, and the expiration date of the driver's license."

7

And Vehicle Code section 14604 imposed an affirmative duty on the owner to make a reasonable effort to determine whether Kostritsa had a valid driver's license. Ashlock asserted other arguments, including that Turo was liable for negligence under the negligent undertaking theory because Turo undertook responsibilities for screening drivers; Turo failed to exercise reasonable care in screening Kostritsa; and Turo's breach increased the risk of harm to Ashlock and was the proximate cause of his injuries.

D.    *The Trial Court's Summary Judgment Rulings and Entry of the Judgments*

1.    *Ruling on Turo's motion*

On December 8, 2021, following a hearing, the trial court[6] granted Turo's summary judgment motion. The court held, "The negligence claim lacks merit because it is undisputed that Turo never expressly or impliedly authorized Berezhnoy to operate the subject vehicle. To the contrary, it is undisputed that Turo dealt exclusively with Kostritsa. Thus, Turo cannot be vicariously liable for the first cause of action for negligence."

The trial court also found Ashlock could not prove negligent entrustment because "Turo was involved in renting the vehicle only to Kostritsa, not Berezhnoy"; assuming Turo gave the vehicle to Berezhnoy, there were no facts showing Turo knew or should have known Berezhnoy was incompetent or unfit to drive; and "Kostritsa's incompetence/disqualification (a suspended

_____

[6]    Judge John P. Doyle ruled on Turo's and Beremesh's summary judgment motions and signed the judgment in favor of Turo. Judge Bruce G. Iwasaki signed the judgment in favor of Beremesh.

8

license) was not the cause of [Ashlock's] injuries." In addition, the court found Turo did not breach any duty to Ashlock when renting to Kostritsa because "Turo is akin to a car rental company" and satisfied the requirements under sections 14604 and 14608.

The trial court added, "Even if Turo were not a car rental company, there is no evidence here that Turo knew or should have known Kostritsa had a suspended license. Contrary to [Ashlock's] arguments, Turo's statements do not indicate that it affirmatively undertook to provide screening services which would determine whether a license was suspended. The Court also sees no reason in law or fact to hold car sharing companies to a stricter standard than car rental companies."

On January 19, 2022 the trial court entered judgment in favor of Turo.

### 2.    *Ruling on Beremesh's motion*

At the January 19, 2022 hearing, Ashlock's attorney objected to the trial court's tentative ruling to grant Beremesh's motion, arguing Beremesh "did not include on noticed motion the grounds on which the court is now granting summary judgment." The court responded that notice was provided but Ashlock could file a supplemental brief. Ashlock's attorney declined to submit a supplemental brief, questioning why he was "asked to file a supplemental brief on an issue that wasn't set forth in [the] notice."

Following the hearing, the trial court granted Beremesh's motion. The court explained with respect to vicarious liability under section 17150, "The negligence claim lacks merit because it is undisputed that Beremesh never expressly or impliedly

9

authorized Berezhnoy to operate the subject vehicle. To the contrary, it is undisputed that Beremesh dealt exclusively with Kostritsa. Thus, Beremesh cannot be vicariously liable for the first cause of action for negligence."

The trial court observed that Beremesh only addressed the negligent entrustment cause of action in his reply brief and acknowledged that "[t]ypically, new arguments are not to be presented for the first time in reply." However, the court found "the facts are undisputed and do not support a negligent entrustment theory." Moreover, the court explained, negligent entrustment "was briefed in connection with Turo's motion for summary judgment," and the court's "conclusions are unchanged." The court found Ashlock could not establish negligent entrustment because Kostritsa was not driving the vehicle at the time of the accident. The court added, "[T]hat Kostritsa had a suspended license does not make it predictable that he would hand the car off to Berezhnoy so as to avoid a citation. In fact, it is undisputed that Kostritsa had his own car and drove it to pick up the rental. To put it simply, Kostritsa's incompetence/disqualification (a suspended license) was not the cause of [p]laintiff's injuries."

On March 11, 2022 the trial court entered judgment in favor of Beremesh.

Ashlock timely appealed from both judgments.

## DISCUSSION

### A. *Standard of Review*

Summary judgment is appropriate only if there are no triable issues of material fact and the moving party is entitled to

judgment as a matter of law.  (Code Civ. Proc., § 437c, subd. (c); *Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618; *Doe v. Roman Catholic Archbishop of Los Angeles* (2021) 70 Cal.App.5th 657, 668.)  "'""We review the trial court's decision de novo, considering all the evidence set forth in the moving and opposing papers except that to which objections were made and sustained.'"  [Citation.]  We liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party."'"  (*Hampton v. County of San Diego* (2015) 62 Cal.4th 340, 347; accord, *Doe*, at p. 669; *Sabetian v. Exxon Mobil Corporation* (2020) 57 Cal.App.5th 1054, 1068.)

A defendant moving for summary judgment has the initial burden of presenting evidence that a cause of action lacks merit because the plaintiff cannot establish an element of the cause of action or there is a complete defense.  (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 853; *Sabetian v. Exxon Mobil Corporation, supra*, 57 Cal.App.5th at p. 1068.)  If the defendant satisfies this initial burden, the burden shifts to the plaintiff to present evidence demonstrating there is a triable issue of material fact.  (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar*, at p. 850; *Sabetian*, at p. 1069.)

"'In performing an independent review of the granting of summary judgment, we conduct the same procedure employed by the trial court.  We examine (1) the pleadings to determine the elements of the claim, (2) the motion to determine if it establishes facts justifying judgment in the moving party's favor, and (3) the opposition—assuming movant has met its initial burden—to "decide whether the opposing party has demonstrated the

11

existence of a triable, material fact issue.'" [Citation.] 'We need not defer to the trial court and are not bound by the reasons in its summary judgment ruling; we review the ruling of the trial court, not its rationale.' [Citation.] Thus, a reviewing court 'will affirm a summary judgment if it is correct on any ground that the parties had an adequate opportunity to address in the trial court, regardless of the trial court's stated reasons.'" (*Martin v. Board of Trustees of California State University* (2023) 97 Cal.App.5th 149, 160-161; accord, *Murchison v. County of Tehama* (2021) 69 Cal.App.5th 867, 881-882.)

B.     *Ashlock Cannot Establish a Cause of Action for Negligence Against Beremesh or Turo*

"To establish a cause of action for negligence, the plaintiff must show that the 'defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury.'" (*Brown v. USA Taekwondo* (2021) 11 Cal.5th 204, 213; accord, *Kesner v. Superior Court* (2016) 1 Cal.5th 1132, 1158.)

With respect to Beremesh, Ashlock cannot establish the elements of a cause of action for negligence because Beremesh was not considered the vehicle owner at the time of the accident. Under Insurance Code section 11580.24, subdivision (d), if an injury or loss occurs while a person other than the owner operates or controls the vehicle pursuant to a personal vehicle sharing program, "the personal vehicle sharing program shall assume all liability of the owner and shall be considered the owner of the vehicle for all purposes." Because it is undisputed that the accident involving Ashlock occurred while the vehicle was driven by Berezhnoy, who obtained the vehicle pursuant to

12

Turo's rental to Kostistra, Turo assumed liability for the loss or injury. Ashlock therefore cannot establish that Beremesh owed a duty of care to Ashlock or breached that duty.[7]

With respect to the negligence claim against Turo, although Turo was considered the owner of the vehicle, Ashlock cannot establish proximate cause. "[P]roximate cause has two aspects. "'One is *cause in fact*. An act is a cause in fact if it is a necessary antecedent of an event.'" [Citation.] This is sometimes referred to as 'but for' causation." (*State Dept. of State Hospitals v. Superior Court* (2015) 61 Cal.4th 339, 352 (*State Hospitals*); accord, *People v. Carney* (2023) 14 Cal.5th 1130, 1138.) For "causation in fact," the conduct must be a "substantial factor" bringing about harm that "is 'recognizable as having an appreciable effect in bringing it about.'" (*Kumaraperu v. Feldsted* (2015) 237 Cal.App.4th 60, 68; accord, *Vasquez v. Residential Investments, Inc.* (2004) 118 Cal.App.4th 269, 288.) "The second aspect of proximate cause 'focuses on public policy considerations. Because the purported [factual] causes of an event may be traced back to the dawn of humanity, the law has imposed additional "limitations on liability other than simple causality." [Citation.]

---

[7]     With respect to the first cause of action for negligence, Beremesh argued in his motion that "[Insurance Code] section 11580.24 exempts him from liability because the vehicle was being used as part of a personal vehicle sharing program at the time of the accident." Although the trial court granted Beremesh's motion on a different ground—that Beremesh did not authorize Berezhnoy to operate the vehicle—we review the trial court's ruling de novo and are not bound by the reasoning of the trial court. (*Martin v. Board of Trustees of California State University, supra*, 97 Cal.App.5th at pp. 160-161.)

"These additional limitations are related not only to the degree of connection between the conduct and the injury, but also with public policy."'" (*State Hospitals*, at p. 353; accord, *Carney*, at p. 1139 ["The limitation on liability under the second component of proximate cause comes down to the question of foreseeability."].)

"'Ordinarily, proximate cause is a question of fact which cannot be decided as a matter of law from the allegations of a complaint. . . . Nevertheless, where the facts are such that the only reasonable conclusion is an absence of causation, the question is one of law, not of fact.'" (*State Hospitals, supra*, 61 Cal.4th at p. 353; accord, *T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 187.)[8]

The Supreme Court's decision in *State Hospitals, supra*, 61 Cal.4th 339 is on point. There, the court upheld the trial court's ruling sustaining the demurrer of the Department of Public Health to the plaintiff's complaint alleging the Department's failure to conduct a required second evaluation of a prisoner to determine whether he was a sexually violent predator, after which he was not referred for commitment, was the proximate cause of the plaintiff's rape and death, where the

---

[8]    Ashlock did not argue in the trial court or contend on appeal that Turo failed to give notice of the grounds on which it moved for summary judgment. Thus, any argument that Turo did not move for summary judgment based on lack of causation is forfeited. (*Quiles v. Parent* (2018) 28 Cal.App.5th 1000, 1013 ["'Failure to raise specific challenges in the trial court forfeits the claim on appeal.'"].) Further, Ashlock in his opposition to Turo's motion for summary judgment addressed causation, arguing that Turo's breach "was a substantial cause of plaintiff's harm." (Capitalization and boldface omitted.)

prisoner raped her four days after his release.  (*Id*. at p. 346.)
The court concluded the plaintiff had not alleged proximate cause
as a matter of law, explaining, "The only mandatory duty
established by the complaint's allegations is the duty to use two
evaluators; the details of the *manner* in which each evaluator
conducts the review are discretionary, so long as they include the
statutory criteria.  Thus, no actionable breach of duty can be
found in the single evaluator's failure to conclude that [the
prisoner] was an SVP.  Nor can plaintiff hypothesize a positive
finding by that evaluator as a link in the chain of proximate
causation.  Instead, she must posit a subsequent unbroken series
of discretionary findings contradicting the first evaluator's
conclusion and leading to civil commitment . . . .  Plaintiff's
showing of 'but for' causation is weak, because with each step in
the review process the results become more speculative."  (*Id*. at
pp. 355-356.)

Ashlock alleges a similar chain of events, with the
speculative result that Turo's conduct was the proximate cause of
Ashlock's injuries:  Ashlock posits that had Turo not allowed
Kostritsa to rent the vehicle because of his suspended driver's
license, Kostritsa could not have loaned the vehicle to Berezhnoy,
and Berezhnoy would not have driven in a negligent manner,
injuring Ashlock.  But even assuming Turo had a duty to check
the DMV records to screen drivers for license suspensions before
allowing a rental on its platform and Turo breached that duty,[9]

---

[9]     Because we assume without deciding that Turo had a duty
to screen for whether a renter had a suspended driver's license
and breached that duty, we do not reach whether Turo is
considered a car rental company for purposes of section 14604,

15

Turo's failure to check whether Kostritsa's driver's license was suspended did not cause the accident because Kostritsa was not the driver involved in the accident. Rather, Ashlock's theory of proximate cause depends on the assumption that Kostritsa would have loaned the vehicle to Berezhnoy, who in turn was an unfit driver. However, even if it was reasonably foreseeable that Kostritsa would loan the rented vehicle to a third party given his suspended license, there is nothing in the record to show it was reasonably foreseeable that the third party (Berezhnoy) would negligently operate the vehicle. Further, there is nothing in the record to support a finding that Berezhnoy was not fit to drive, for example, that he too had a suspended driver's license. Ashlock's argument that it was more likely that a renter with a suspended license would provide the vehicle to a third party who would then negligently drive is pure speculation. (See *Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 776 [affirming summary judgment for building owner where plaintiff argued

---

subdivision (b), which provides immunity for rental car companies that comply with sections 14608 and 14609. Moreover, because we assume Turo had a duty, we need not decide whether the negligent undertaking doctrine applies. (See *Luebke v. Automobile Club of Southern California* (2020) 59 Cal.App.5th 694, 707 [negligent undertaking doctrine is an "aspect of the law of duty"]; *Lichtman v. Siemens Industry Inc.* (2017) 16 Cal.App.5th 914, 922, fn. omitted ["the Good Samaritan rule or the negligent undertaking theory of liability . . . is applied to determine the 'duty element' in a negligence action where the defendant has "'specifically . . . undertaken to perform the task that he is charged with having performed negligently, for without the actual assumption of the undertaking there can be no correlative duty to perform that undertaking carefully.""].)

additional security measures would have prevented physical attack on her at the building, explaining "'"plaintiff must show it more likely than not defendant's conduct was cause in fact of the result; 'mere possibility of such causation is not enough'"]; *Leyva v. Garcia* (2018) 20 Cal.App.5th 1095, 1097, 1105 [affirming summary judgment in favor of landlord for injuries to tenants from fire where fire officials could not determine whether fire was caused by malfunction in heater or tenants placing combustible material too close to heater, reasoning, "[I]t became incumbent upon plaintiffs to 'establish, by nonspeculative evidence, some actual causal link between the plaintiff's injury and the defendant's [act or omission.]'"].)

C.    *Ashlock Cannot Establish Negligent Entrustment Against Beremesh or Turo*

"'Negligent entrustment is a common law liability doctrine, which arises in numerous factual contexts. [Citation.] In cases involving negligent entrustment of a vehicle, liability "'is imposed on [a] vehicle owner or permitter because of his own independent negligence and not the negligence of the driver.'" [Citations.] "'Liability for the negligence of the incompetent driver to whom an automobile is entrusted does not arise out of the relationship of the parties, but from the act of entrustment of the motor vehicle, with permission to operate the same, to one whose incompetency, inexperience, or recklessness is known or should have been known by the owner.'"'" (*McKenna v. Beesley* (2021) 67 Cal.App.5th 552, 565; accord, *Ghezavat v. Harris* (2019) 40 Cal.App.5th 555, 559.) The jury instruction for negligent entrustment of a motor vehicle (CACI No. 724), cited approvingly

17

in *McKenna*, at page 566, states the elements for negligent entrustment:

"1. That [*name of driver*] was negligent in operating the vehicle;

"2. That [*name of defendant*] [owned the vehicle operated by [*name of driver*]/had possession of the vehicle operated by [*name of driver*] with the owner's permission];

"3. That [*name of defendant*] knew, or should have known, that [*name of driver*] was incompetent or unfit to drive the vehicle;

"4. That [*name of defendant*] permitted [*name of driver*] to drive the vehicle; and

"5. That [*name of driver*]'s incompetence or unfitness to drive was a substantial factor in causing harm to [*name of plaintiff*]." (Boldface omitted.)

Ashlock cannot establish negligent entrustment against either Beremesh or Turo. With respect to Beremesh, even if he could be considered the owner of the vehicle for purposes of handing the keys to Kostritsa, Beremesh rented the vehicle to Kostritsa, not Bereshnoy, and it is undisputed that Beremesh did not give Bereshnoy permission to drive the vehicle.[10] Thus,

---

[10] Ashlock contends Beremesh never challenged the negligent entrustment cause of action, which was based on his direct liability as the owner, not vicarious liability. However, Beremesh moved for summary judgment, which necessarily meant he moved on both causes of action. And Beremesh argued in his motion that he loaned his vehicle to Kostritsa, not Bereshnoy, and he did not give permission for Bereshnoy to drive. The fact that Beremesh referred to his liability as "vicarious liability" does not negate his argument that he did not give permission to Bereshnoy to drive the vehicle.

18

Ashlock cannot prove the fourth element for negligent entrustment—that Beremesh permitted Bereshnoy to drive the vehicle.

The inability of Ashlock to prove the fourth element for negligent entrustment is likewise fatal to his claim against Turo because Turo did not give permission for Berezhnoy to drive the vehicle. Nor can Ashlock prove the third element—that Turo knew or should have known Berezhnoy was an incompetent or unfit driver.

## DISPOSITION

The judgments are affirmed. Beremesh and Turo are to recover their costs on appeal.

FEUER, J.

We concur:

SEGAL, Acting P. J

EVENSON, J.*

---

\* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

19